UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EMMANUEL VELAZQUEZ,

    Plaintiff,

v.   Case No. 3:21cv1831-MCR-HTC

SERGEANT LOWERY,
OFFICER BROWN,
OFFICER NEWCOMB,
OFFICER LANE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* on Plaintiff's failure to effect service of process on Defendant Officer Jack Lane.  Plaintiff, a prisoner proceeding *pro se*, initiated this action in November 2021 by filing a complaint under 42 U.S.C. § 1983 for a violation of his Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff sues several officers of Santa Rosa Correctional Institution ("Santa Rosa CI"), including Defendant Officer Lane.

Defendant Lane, however, has not been served with process despite considerable efforts by the Court and the United States Marshals Service ("USMS").  The Court has given Plaintiff an opportunity to show cause why the matter should

not be dismissed as to Defendant Lane for failure to serve and to provide an address for Lane. The Court finds that Plaintiff has failed to show good cause for extending the time to serve Lane beyond the more than four (4) months since the Court's first attempt to serve Lane. Accordingly, the undersigned respectfully recommends that Officer Lane be dismissed as a defendant pursuant to Federal Rule of Civil Procedure 4(m).

I.    BACKGROUND

When Plaintiff filed this action, he named Officer Jack C. Lane as a defendant. ECF Doc. 1. On January 13, 2022, the Court directed the clerk to issue a summons for Lane (and the other Defendants) and ordered the USMS to serve Lane (and the other Defendants) at Santa Rosa CI through the specially appointed process server. ECF Doc. 8.

On February 8, 2022, the summons was returned unexecuted as to Officer Lane. ECF Doc. 11. According to the return, Officer Lane was no longer with the Florida Department of Corrections ("FDOC"). *Id.* On February 10, 2022, the Court directed the clerk to reissue a summons for Officer Lane and sought assistance from the FDOC in serving him. ECF Doc. 14 at 1. Specifically, the Court asked the FDOC to: (1) inform the USMS in confidence of a non-institutional or home address for Officer Lane for service, (2) enter an appearance on Officer Lane's behalf, or (3) advise the Court that none of those alternatives were possible. *Id.* In accordance

Case No. 3:21cv1831-MCR-HTC

with that Order, on February 24, 2022, the FDOC advised the Court it had provided the USMS with a non-institutional address for Officer Lane. ECF Doc. 17.

On April 12, 2022, the USMS returned the summons on Lane unexecuted. According to the notations made by the USMS, Lane is no longer at the address provided by the FDOC. It also appears from the notes that the USMS made several attempts to locate Lane. In the USMS's first attempt they were not able to locate any tenants at the apartment address provided. The USMS then called a phone number the USMS had located for Lane and received no response. On its second attempt, the USMS located two of the four tenants that were in the apartment. On the third attempt, the USMS attempted to locate the third and fourth tenants and determined Lane was no longer at the address provided. The USMS spent seven (7) hours attempting to locate Lane. ECF Doc. 20.

On April 15, 2022, the Court issued an order giving Plaintiff an additional thirty (30) days to provide a service address for Lane or show cause why Lane should not be dismissed under Federal Rule of Civil Procedure 4(m). ECF Doc. 21. Plaintiff filed two responses to the show cause order. In the first response, Plaintiff contends he is a *pro se* litigant and seeks "a warrant or such authorized document" to be issued to locate Lane. Plaintiff also contends it would be prejudicial to him if Lane is dismissed and that if Lane "no longer works for [the FDOC], then the [FDOC] should be directed by a court to appoint a member of its place of

employment to represent that former employee." ECF Doc. 22.  Plaintiff also contends the USMS "should be able to track him through paycheck system databases, to wit, social security number, personal cellphone number, bank account information, federal tax information, etc., or a representative of FDOC must answer for the unprofessionally brutal behavior of this formal correctional officer."  ECF Doc. 22 at 3.

In his second response, Plaintiff states he has been diligent in trying to discover an address for Lane and attaches a grievance he submitted to the institution requesting Lane's address.  ECF Doc. 23.

## II.   ANALYSIS

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010).  However, the rule also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m); *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284 (11th Cir. 2009).  Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Id.* at 1286 (citation omitted).

As set forth above, the Court and USMS have exerted reasonable efforts to locate and serve Lane. Indeed, because Plaintiff is not proceeding *in forma pauperis*, the Court did not have to serve the Defendants, but could have required Plaintiff to effect service. *See e.g., Whiting v. Alvarado*, 170 F. App'x 897, 897-98 (5th Cir. 2006); *Gilmer v. Thompson*, 2012 WL 1190889, at *1 (W.D. Va. Apr. 10, 2012). Nonetheless, because of Plaintiff's incarcerated status, the Court determined judicial efficiency would be enhanced by assisting Plaintiff in effecting service on Defendants, *see Simmons v. Prison Health Servs. Inc.*, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009), and instructed the USMS to serve the Defendants. While the Court was attempting service, good cause existed to extend the time for service beyond ninety (90) days while those efforts were being expended. Now, however, the Court and the USMS have more than exhausted reasonable efforts and Plaintiff has failed to provide good cause for further extending the service deadline for Lane.

First, Plaintiff's status as a *pro se* litigant does not constitute good cause for an extension. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (holding a *pro se* litigant's lack of knowledge of service procedures did not constitute good cause for failing to timely perfect service); *Sanders v. Fluor Daniel, Inc., Lowe v. Hart*, 151 F.R.D. 138, 139 (M.D. Fla. 1993) (same), *aff'd*, 36 F.3d 93 (11th Cir. 1994).

Second, Plaintiff's request for the USMS to access private personal information to locate Lane is misplaced. The purpose of the USMS is not to use its

investigative tools to locate defendants in civil litigation; nor would it be proper for the USMS to do so. Similarly, a warrant cannot be issued for a civil matter. In short, neither the USMS nor the Court is a private investigator. Plaintiff's grievance also does not further the ball because, as the record here shows, the Court has already requested, and the FDOC has already provided, the last known address for Officer Lane. The problem is Lane is no longer at that address.

Also, the FDOC has no obligation to appoint another employee to stand in Lane's place or to appear for Lane. As this Court previously instructed Plaintiff, he cannot recover against Defendants in their official capacities. ECF Doc. 7. Thus, the only claim Plaintiff has against Lane is one in his individual capacity.

Finally, because neither the Court nor Plaintiff has additional information at this time that would allow the Court to effect service on Lane, there is no reason not to dismiss him from the action. *See e.g., Gale v. Garber,* 2020 WL 5351320 (N.D. Fla. June 15, 2020) (dismissing action against non-served defendants because no further assistance can be provided by the Court to serve defendants); *Scott v. Williams*, 2019 WL 7598693 (N.D. Fla. Sept. 24, 2019) (same); *Quilling v. Clark,* 2012 WL 237988 (N.D. Fla. May 23, 2012) (same). This case was filed more than six (6) months ago and leaving Lane in this matter would not further judicial efficiency. Should Plaintiff through discovery or some other means locate an address for Officer Lane at a later date, Plaintiff may move to rename Lane as a

defendant. *See Moretto v. Danzig*, 2020 WL 8575122, at *2 (M.D. Fla. Jan. 17, 2020).

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's claims against Defendant Lane be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m).

2. That the clerk be directed to terminate Officer Lane as a Defendant in this case.

3. That the case be referred back to the undersigned for further proceedings.

At Pensacola, Florida, this 17th day of May, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.