UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EMMANUEL VELAZQUEZ,

    Plaintiff,

v.                                             Case No. 3:21cv1831-MCR-HTC

SERGEANT LOWERY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Emmanuel Velazquez, a prisoner proceeding *pro se* under 42 U.S.C. § 1983, alleges three employees of the Florida Department of Corrections violated his Eighth Amendment rights either by using excessive force against him or by failing to prevent the excessive use of force. ECF Doc. 1. The three Defendants—Sergeant Michael Lowery, Officer Kenneth Brown, and Officer Joao Newcomb—have moved for summary judgment, arguing the use of force was justified and no constitutional violation occurred. ECF Doc. 31. Plaintiff responded in opposition to Defendants' motion. ECF Docs. 44, 49. After reviewing the parties' submissions, the record, and the relevant law, the undersigned recommends the motion for summary judgment be DENIED because a genuine dispute of material fact exists as to whether Defendants used excessive force.

## I. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* The Court must review the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993) (citation omitted). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted).

## II. FACTS

    A.    Plaintiff's Version of Events[1]

---

[1] Plaintiff's evidence comes from his sworn complaint. *See Sammons v. Taylor*, 967 F.2d 1533, 1545 n.5 (11th Cir. 1992) ("[F]acts alleged in an inmate's sworn pleading are sufficient and . . . a separate affidavit is not necessary."); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986)

Case No. 3:21cv1831-MCR-HTC

On February 23, 2021, Plaintiff was incarcerated at Santa Rosa Correctional Institution Annex.  At approximately 11:45 p.m., Officer Lane and Defendants Lowery, Brown, and Newcomb entered Plaintiff's cell "with no prior warning." Lowery "rushed in" and grabbed Plaintiff, while Brown, Newcomb, and Lane moved behind Plaintiff to assist Lowery in slamming him to the ground.  The officers handcuffed and shackled Plaintiff, then began stomping and kicking his head, face, and body.[2]  At one point during the assault, an officer pinned Plaintiff's face on the ground with his boot and Newcomb spit on Plaintiff.  The officers resumed kicking Plaintiff, then took him to the nurse's station.  As a result of the assault, Plaintiff says he suffered broken teeth, a broken nose, a lacerated lip, eye damage, ear damage, a fractured rib, a right leg limp, and pain in his neck, head, right shoulder, and right hip.

B.    Defendants' Version of Events

Plaintiff covered his cell window and would not respond to Lowery's attempts at counseling, which included Lowery giving loud verbal orders and knocking on the cell window.  ECF Doc. 31-3.  Considering Plaintiff's history of self-harm, Lowery concluded a welfare check was necessary.  *Id.*  The officers had trouble

---

(holding specific facts pled in a sworn complaint must be considered in opposition to a motion for summary judgment).
[2] Plaintiff is unsure which Defendant dealt which blow, as he indicates his eyes were "swollen shut."

opening Plaintiff's cell door, as he had jammed it with his personal property and soap. *Id.* As the door opened, Lowery observed Plaintiff lying unresponsive on the floor. *Id.* Lowery handed the Plexiglas Concave Shield to Brown and began helping open the door. *Id.* As the door fully opened, Plaintiff suddenly stood up and lunged toward Lowery. *Id.* To protect himself, Lowery applied forward, then downward, pressure with his body weight to place Plaintiff in a prone position on the floor. *Id.* Lowery then used pulling force on Plaintiff's arms to facilitate Brown's application of hand restraints. *Id.* Lane then applied restraints to Plaintiff's legs and Lowery ceased all use of force. *Id.* Lane and Newcomb helped Plaintiff to his feet and escorted him to the medical triage room for a post-use-of-force examination. Defendants assert only Lowery used force during the incident, and the force used was necessary to restrain Plaintiff.

    C.    Video Evidence[3]

The fixed wing footage shows Lowery approach Plaintiff's cell at approximately 11:34 p.m. and remove an item covering the exterior of the cell window. Lowery then knocks on the window and orders Plaintiff to uncover his window. About 10 seconds later, Lowery knocks a second time and repeats his order for Plaintiff to uncover his window. After about another 10 seconds, Lowery tells

---

[3] Upon Plaintiff's motion, the Court directed Defendants to submit the fixed wing and handheld video footage of the events in dispute.

Plaintiff it is his last chance to comply with the order before he is placed on property restriction. There is no discernible verbal response from Plaintiff captured on the fixed wing video. Lowery is then seen communicating on a walkie talkie and, eventually, three additional correctional officers arrive. An officer attempts to slide open Plaintiff's cell door at 11:38:40 but has trouble doing so; Lowery passes a Plexiglas shield to Brown and helps the officer slide the door open.[4] Plaintiff can be seen moving near the door but it is unclear what he is doing. Lowery enters the cell at 11:38:54, followed by the other three officers. One of the officers can be heard saying several times, "put your hands behind your back," but the video does not clearly show the interaction between Plaintiff and the officers inside the cell. Lowery exits the cell at 11:39:49, and Plaintiff exits at 11:39:56, being escorted by another officer.

A handheld camera was activated after Plaintiff arrived in the medical department for a post-use-of-force examination. The approximately 19.5 minutes of handheld footage shows Plaintiff receiving treatment for a cut to his lip and then being returned to his cell. As Plaintiff exits the medical department, the video shows a laceration on his lip and redness on certain areas of his face.

### III. DISCUSSION

---

[4] Lowery makes a kicking motion with his leg but it is unclear if it was directed at the door or Plaintiff.

A.	Eighth Amendment

In Eighth Amendment excessive force claims, the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  In determining whether force was applied maliciously and sadistically to cause harm, a court considers: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted upon the prisoner; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of a forceful response.  *Whitley v. Albers*, 475 U.S. 312, 321 (1986).  In addition, "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) (citations omitted); *see also Velazquez v. City of Hialeah*, 484 F.3d 1340, 1342 (11th Cir. 2007) (rejecting view that arrestee must specify the actions of each alleged participant in a collective beating).

Defendants assert Lowery used the minimum amount of force necessary to defend himself and subdue Plaintiff.  However, because the video footage does not

conclusively establish what happened after Defendants entered Plaintiff's cell, the Court must accept Plaintiff's version of events as true. *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment.") (citations omitted); *Reid v. Sec'y, Fla. Dep't of Corr.*, 486 F. App'x 848, 852 (11th Cir. 2012) ("[F]or purposes of summary judgment, there is nothing inherently wrong with 'self-serving testimony,' and it may not be disregarded by the district court in determining whether there is a genuine dispute of fact on a material issue in the case.").

Plaintiff's evidence suggests the Defendants slammed him to the ground and repeatedly kicked him in the head, face, and body while he was in restraints and not resisting (or failed to stop their coworkers from doing so). Plaintiff's evidence indicates he posed no threat to Defendants and, thus, there was no need to apply any force, much less force which consisted of repeatedly kicking him while he was restrained. And Plaintiff alleges he suffered significant injuries from the use of force, though not all the alleged injuries can be verified by the video evidence or medical records. These factors indicate Defendants applied force maliciously and sadistically to cause harm and not in a good-faith effort to restore discipline.

Defendants cite several decisions from the Eleventh Circuit to support their motion for summary judgment, but all are distinguishable from the present case. In

*Miles v. Jackson*, 757 F. App'x 828 (11th Cir. 2018), the prisoner conceded he failed to comply with the defendant's orders and evaded defendant's attempt to get him to comply. *Reed v. Mitchem*, 707 F. App'x 617 (11th Cir. 2017) was decided after a bench trial where the court credited the defendant's testimony. Video evidence in *Oliver v. Warden*, 761 F. App'x 960 (11th Cir. 2019) showed the prisoner charging officers when they opened his cell door and physically resisting their efforts to restrain him. *Smith v. Sec'y, Dep't of Corr.*, 524 F. App'x 511 (11th Cir. 2013) involved a *de minimis* use of force consisting of twisting the prisoner's handcuffed arms upwards and pressing him against a wall. *Howard v. Memnon*, 572 F. App'x 692 (11th Cir. 2014) involved a cell extraction, but the decision does not describe the parties' evidence in any detail, and simply stated: (1) "[t]he defendants presented evidence that force was applied in a good faith effort to maintain or restore discipline;" (2) "the post-force exam showed [plaintiff] received only a superficial abrasion on his back;" (3) plaintiff's "accounting of the incident was blatantly contradicted by the record;" and (4) plaintiff's "claim that no member of the extraction team alleged resistance is incorrect." In *Ledlow v. Givens*, 500 F. App'x 910 (11th Cir. 2012), the court found the defendant's initial use of force was justified to prevent the prisoner from fighting another inmate, and the force used after the prisoner was restrained—a single slap to the face—was *de minimis*. In contrast to

these cases, the evidence here indicates the Defendants repeatedly kicked and stomped on Plaintiff after he was restrained and not resisting.

Based on Plaintiff's evidence, a reasonable jury could conclude Defendants used excessive force or failed to stop the use of excessive force. *See Bowden v. Stokely*, 576 F. App'x 951, 953-54 (11th Cir. 2014) (affirming denial of summary judgment where inmate's testimony indicated "he was the victim of an unprovoked attack in circumstances that did not present a risk of creating a disturbance or harming staff or other inmates"). And the fact Plaintiff cannot identify whether every Defendant struck him or which Defendant administered which blow does not prevent him from pursuing his Eighth Amendment claim. *Cf. Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985) ("It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.") (citations omitted).

B.   Qualified Immunity

Defendants also argue they are entitled to qualified immunity. However, "a defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment, because the use of force 'maliciously and sadistically to cause harm' is clearly established to be a violation of the Constitution

by the Supreme Court decisions in *Hudson* and *Whitley*." *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002). A reasonable prison official would understand that repeatedly kicking a restrained prisoner without justification or allowing a coworker to do so without intervening would violate the Constitution. Defendants, therefore, are not entitled to qualified immunity on Plaintiff's Eighth Amendment excessive force claim and their motion for summary judgment should be denied.

Accordingly, it is RECOMMENDED:

1. That Defendants' Motion for Summary Judgment, ECF Doc. 31, be DENIED.

2. That this matter be referred to the undersigned for further pretrial proceedings on Plaintiff's individual capacity Eighth Amendment excessive force and failure to intervene claims against Defendants Lowery, Brown, and Newcomb.

At Pensacola, Florida, this 17th day of October, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:21cv1831-MCR-HTC

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.